**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

UNITED STATES OF AMERICA

vs.                                                                       Case No. 5:00-cr-21-Oc-32GRJ
                                                                                             Case No. 5:06-cv-154-Oc-32GRJ

MICHAEL SPIELVOGEL

_____

**ORDER**[1]

This case is before the Court on defendant Michael Spielvogel's Motion to Vacate and Set Aside Defendant's Judgment of Conviction and Sentence pursuant to 28 U.S.C. § 2255 (Doc. 361 in the criminal case and Doc. 1 in the civil case).[2]  Spielvogel, who is represented by counsel, has raised five separate grounds for relief and has filed a motion seeking to remain on bond under his current conditions of release pending a determination of this motion.  The Court requested that the government respond only to the matter of bond and the issue of whether Spielvogel is entitled to a belated appeal as to Counts IV and V due to ineffective assistance of counsel, an issue presented in Ground V of Spielvogel's motion.[3]

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Future docket number references herein are to the criminal file unless otherwise noted.

[3] Spielvogel moved for leave to amend the § 2255 motion in advance of actually filing it, explaining that he had just retained counsel experienced in federal habeas matters who may want to supplement or amend the motion then being filed by his personal attorney who had no experience with these matters.  As stated above, the Court and the parties have focused their attention on one particular issue presented in Ground V and the Court has received and considered supplemental briefing on that issue.  The Court has therefore not needed to explore whether any of the other grounds are meritorious or in need of amendment or supplementation and, in light of the result reached here, the motion to amend (Doc. 360) is

The government has done so.

Following three hearings on this matter, including an evidentiary one at which Spielvogel's trial and appellate counsel, Daniel Brodersen, offered testimony, the Court finds Spielvogel is entitled to a belated appeal.

### I. Background

On February 1, 2001 a jury returned a verdict finding Spielvogel guilty of all five counts of a five count indictment and finding his co-defendant, James Scott Pendergraft, guilty of the three counts in which he was charged (Counts I, II, III only).  In advance of the sentencing hearing, the probation officer prepared a Presentence Investigation Report ("PSR") on both Spielvogel and his co-defendant, Pendergraft.  While a few pages of Spielvogel's PSR make reference to his conviction on all five counts, the PSR did not include calculations for Counts IV or V in the Offense Level Computations (see pages 12-14[4]).

The predecessor judge held a sentencing hearing on May 24, 2001 during which he referenced that Spielvogel had been convicted of all five counts. See Doc. 187 (sentencing transcript) at 5 (noting jury's verdict of guilty of all five counts); at 60 (stating that Spielvogel's two additional offenses "don't factor into the guideline calculation as such" but would be considered for purposes of minor role assessment).  The Court sentenced Spielvogel to a term of 41 months, but did not announce whether the same term was being imposed for

---

moot.

[4]The PSR is not part of the public record but has been provided to the Court and will travel with the file for appellate purposes.  It was referred to by the parties at the June 2, 2006 hearing and the Court admitted it into evidence at that hearing as Exhibit 4 (see Doc. 372).

2

each count of the indictment.[5]  Id. at 91-92.  Pendergraft received a single sentence of 46 months.  Shortly thereafter, the Court entered a Judgment in a Criminal Case (Doc. 152) which states that Spielvogel was found guilty on Counts I, II, III, IV and V and that he was thereby "committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 41 months."  Doc. 152 at 1-2.  (Pendergraft's judgment is Doc. 151.)  Spielvogel and Pendergraft voluntarily surrendered to the Bureau of Prisons in July 2001.  Docs. 188, 192.

Spielvogel and Pendergraft both appealed their convictions and sentences.  In Spielvogel's initial brief to the Eleventh Circuit, Daniel Brodersen, who was Spielvogel's trial and appellate counsel, wrote that "Spielvogel was not sentenced on Counts IV and V."  Doc. 6 in the civil case, Ex. A at 6.  In its answer brief, the government noted that Spielvogel was not challenging the sufficiency of the evidence as to Counts IV and V.  Id., Ex. B at 28.  In Spielvogel's reply brief, Brodersen explained that he was including new arguments addressed to the validity of Counts IV and V because "[a]lthough Spielvogel was not sentenced for his convictions on counts four and five, he does, in fact, challenge their validity."  Id., Ex. C at 2 n.*.  On motion of the government, the Eleventh Circuit struck the new arguments challenging Counts IV and V because those issues had not been raised in the initial brief.

---

[5]The PSR explained that Counts I, III, IV and V carried a maximum term of imprisonment of 5 years and that Count II carried a maximum term of imprisonment of 20 years (see PSR at 21); thus the same 41 month sentence could have been imposed for each of the five counts, to run concurrently.

3

On February 27, 2002, on Order from the Eleventh Circuit, the Court directed that Spielvogel and Pendergraft be released from custody pending resolution of the appeal. On July 16, 2002, the Eleventh Circuit issued its decision on the appeals, acquitting Spielvogel and Pendergraft of all but one aspect of the Count I charge and remanding for a new trial on the remaining portion of that Count (a charge of conspiracy to commit perjury); acquitting both defendants of the charges in Counts II and III; and affirming Spielvogel's convictions on Counts IV and V, the legal sufficiency of which the court noted Spielvogel had not challenged.  United States v. Pendergraft, 297 F.3d 1198, 1205, n.4, 1212-13 (11th Cir. 2002).  However, due to what the Eleventh Circuit characterized as the "technical error" of the District Court having handed down a single sentence rather than a sentence that individually addressed each count and the failure to specify whether the terms were to run consecutively or concurrently, the Eleventh Circuit remanded for resentencing of Spielvogel on Counts IV and V, to occur after the Count I conspiracy to commit perjury charge was resolved.  Id. at 1212.

Upon remand, the case was reassigned to the undersigned in October 2002 and, following some further motion practice, the Court dismissed the Count I charge against Spielvogel on motion of the government, thereby leaving only the matter of resentencing on Counts IV and V as to Spielvogel (at that point, Pendergraft was still due to be retried on Count I).  See Docs. 249, 251.[6]  During a presentencing telephone conference on January 30, 2003, in response to an inquiry regarding the scheduling of Spielvogel's resentencing,

---

[6]Later, the government dismissed Count I as to Pendergraft and allowed him to plead guilty to a substantially lesser charge which did not require him to serve more prison time.

4

Brodersen told the undersigned that

> Mr. Spielvogel, I guess, is- - you could refer to it as a quirk- - was never really sentenced on Counts IV and V. The presentence investigation and the presentence report did not address Counts IV and V independently. And Judge Hodges, in the initial sentencing of the defendant, did not- - did not impose a sentence on Count IV and V.

Doc. 372, Ex. 1 at 15. Then again in May 2003, at a second presentencing hearing, Brodersen reiterated this position, explaining that Spielvogel "had not been [previously] sentenced on Counts IV and V" and that he therefore "didn't even have the right to appeal . . . the conviction on those counts." See Doc. 332 (transcript) at 5. Upon further inquiry from the Court as to why Brodersen believed Counts IV and V were not subjects of the first appeal, Brodersen elaborated:

> I did not address the convictions on counts four and five in any respect whatsoever in the initial brief [to the Eleventh Circuit]. I attempted to raise them in the reply brief <u>because Mr. Spielvogel urged me to</u>. He was incarcerated at the time. And we had a long telephone conversation and the government moved to strike [the Count IV and V arguments raised in the reply brief] . . . and the [Eleventh Circuit] struck them . . . [s]o, I was never able to make- - perhaps- - and again, as I said before, <u>perhaps through my own mistakes I was never able to argue the merit of his convictions on counts four and five, and therefore they were never considered by the Court of Appeals</u>.

Id. at 8-9 (emphasis supplied). On June 3, 2003, pursuant to the Eleventh Circuit's mandate, the Court re-sentenced Spielvogel on Counts IV and V to a term of imprisonment of eighteen months as to each count, to be served concurrently, with credit for time served, followed by two years of supervised release. Doc. 278. Spielvogel promptly filed a notice of appeal of his conviction and sentence on Counts IV and V. Over the government's objection, the Court permitted Spielvogel to remain on bond pending appeal. Doc. 283.

In Spielvogel's initial and reply briefs filed with the Eleventh Circuit in his appeal of the June 3, 2003 Amended Final Judgment as to Counts IV and V, Brodersen explained that although Spielvogel had been convicted on Counts IV and V at trial, Spielvogel was never sentenced on those counts until the June 3, 2003 proceeding and that he should therefore be permitted to challenge not only his sentence but those convictions as well in the context of the then pending appeal. See Doc. 6 in the civil case, Ex. H at 4, Ex. J at 2. The government moved the Eleventh Circuit to dismiss the portion of the appeal challenging Spielvogel's convictions on Counts IV and V, arguing that those convictions had been affirmed in the Eleventh Circuit's July 16, 2002 decision in United States v. Pendergraft, 297 F.3d 1198 (11th Cir. 2002). On June 2, 2004, the Eleventh Circuit issued as mandate its decision that "the district court was not authorized to reconsider the underlying validity of Spielvogel's convictions" on Counts IV and V and affirming Spielvogel's sentence on Counts IV and V. Doc. 317 at 3, 6. This Court permitted Spielvogel to remain on bond while he sought further review before the Eleventh Circuit and the United States Supreme Court based on the then new Blakely decision. See Order, Doc. 340.

Finally, on December 5, 2005, the United States Supreme Court denied Spielvogel's petition for rehearing and, following review of status reports filed by the parties at the Court's behest, the Court issued an Order on April 10, 2006, directing Spielvogel to report to the Bureau of Prisons by May 1, 2006 to commence service of the remainder of his sentence. On April 25, 2006 Spielvogel filed the § 2255 motion that is presently before the Court, Ground V of which argues that Spielvogel is entitled to file a belated appeal as to Counts IV and V based on ineffective assistance of counsel. Spielvogel also filed a motion to remain

on bond pending decision on the motion.  The Court has permitted Spielvogel to remain on his current terms of release pending further Order.

On June 2, 2006, the Court held an evidentiary hearing on the § 2255 motion at which Brodersen was questioned regarding his decision not to appeal Counts IV and V to the Eleventh Circuit.  Brodersen testified:

> I will say Mr. Spielvogel disagreed wholeheartedly with my opinion in that regard. But I also was under the impression, perhaps mistaken, that because Counts Four and Five had not been included in the sentencing, or in the initial PSI that was utilized by Judge Hodges when he sentenced Mr. Spielvogel, and were not referred to specifically in the judgment and sentence, that it perhaps was not- - they weren't ripe for appeal.  And that was an opinion that I had.

Doc. 375 at 19 (emphasis added).  When the Court asked Brodersen what he thought had happened to Counts IV and V if they had not been fully resolved for purposes of taking an appeal, Brodersen explained that he "thought they were in limbo, so to speak," id. at 41, and that the Eleventh Circuit "would perhaps address what [the status was] of Counts Four and Five" in its opinion on the appeal of Counts I, II, and III.  Id. at 42.  Brodersen also testified that he did not think the appellate issues as to Counts IV and V were particularly meritorious but he did not consider filing an Anders brief and did not believe that the arguments related to Counts IV and V were frivolous.  See Id. at 19-20, 32, 36-37.  Brodersen testified that although he did not believe there were meritorious issues as to Counts IV and V, he could not say whether he would have included arguments as to Counts IV and V in his initial appellate brief "had [he] not had the mistaken belief" that his client had not yet been sentenced on those counts.  Id. at 41.

II.  Analysis

Under Strickland v. Washington, 466 U.S. 668, 694 (1985) a defendant claiming ineffective assistance of counsel must show:  (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant.  Here, Spielvogel argues that his trial and appellate counsel, Daniel Brodersen, rendered ineffective assistance when, contrary to Spielvogel's express wishes, Brodersen failed to appeal Spielvogel's convictions on Counts IV and V following the jury's guilty verdict and the Court's entry of judgment in a criminal case on May 30, 2001.

The decision to take an appeal rests with the defendant and counsel's representation falls below the standard of reasonableness for purposes of Strickland where counsel fails to file a requested appeal.  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (citing Rodriquez v. United States, 395 U.S. 327 (1969)).  In such circumstances, Strickland's prejudice showing is presumed and the defendant need not additionally show that his appeal would have had merit.  Id.; Gomez-Diaz v. United States, 433 F.3d 788, 792 (11th Cir. 2005) (citing Flores-Ortega and explaining that "a defendant who shows that his attorney has ignored his wishes and failed to appeal his case need only demonstrate that, but for the attorney's deficient performance, he would have appealed").

Spielvogel's convictions and sentence on Counts IV and V were included in the Court's May 30, 2001 original Judgment in a Criminal Case (Doc. 152).  The evidence is undisputed that Spielvogel wished to appeal his convictions and sentence on Counts IV and

V and communicated his desire to his lawyer, Brodersen.[7]  Further, there is no dispute that Brodersen mistakenly believed that Spielvogel could not appeal his convictions on Counts IV and V and Brodersen did not include any issues related to Counts IV and V in the initial appellate brief.[8]  That Brodersen also believed those issues were not particularly meritorious is beside the point for purposes of showing ineffective assistance on appeal under Strickland using the Flores-Ortega analysis.

The government argues, however, that, unlike Flores-Ortega or Gomez-Diaz, here, Spielvogel's counsel *did* file an appeal, and a very successful one at that, resulting in his acquittal on two counts, and his partial acquittal on a third.  Therefore, the government contends Spielvogel's claims are not appropriately addressed under a Flores-Ortega analysis and should instead be considered under the traditional Strickland ineffective assistance test, which requires a showing of both deficient performance and prejudice. Because effective appellate advocates are expected to winnow out weaker arguments, even when they might be meritorious, appellate counsel does not perform deficiently merely by failing to raise every non-frivolous issue on appeal, provided that the strategic decision not to raise a particular issue was reasonable under the circumstances.  Jones v. Barnes, 463 U.S. 745, 753-54 (1983).  Cf. Heath v. Jones, 941 F.2d 1126, 1130-31 (11th Cir. 1991) (finding appellate counsel performed deficiently by raising one issue in a six page brief in a

---

[7]Further solidifying this point, Spielvogel apparently negotiated a settlement with Brodersen's law firm of a malpractice claim related to Brodersen's failure to appeal Counts IV and V.  See Doc. 375 (June 2, 2006 hearing transcript) at 29-30.

[8]Some of the issues raised, however (such as the alleged error in excluding a diminished capacity defense), applied generally to all counts.

highly publicized capital case). Additionally, to meet the prejudice prong in the appellate counsel context, a petitioner must demonstrate that "appellate counsel's performance was sufficiently deficient to deprive the defendant of . . . an appeal whose result was reliable." Heath, 941 F.2d at 1132 (citation and quotation omitted). To reach such determination, "the Court must . . . review the merits of the omitted or poorly presented claim" and then determine whether "the neglected claim would have a reasonable probability of success on appeal." Id. The government argues that here Spielvogel has failed to meet either prong because Brodersen properly left out less meritorious issues related to Counts IV and V and focused his attention on grounds which met with great success, resulting in acquittals on some counts and the later dismissal of the remainder of another.

It is of course true that Brodersen brought a highly successful appeal on Spielvogel's behalf as to Counts I, II and III. But his decision not to appeal Counts IV and V was not a strategic decision made to winnow out weaker issues. Rather, Brodersen failed to appeal Counts IV and V because of a mistaken belief that Spielvogel had not yet been sentenced on those counts. On these facts,[9] and in the face of his client's express request that Brodersen appeal Counts IV and V, his failure to do so has resulted in the denial of Spielvogel's right to an appeal as to Counts IV and V.[10]

---

[9] Neither party has cited a case directly on point and the Court has found none.

[10] That the Eleventh Circuit discussed Counts IV and V in certain parts of its opinion does not detract from this determination. First, the Eleventh Circuit explained in the opinion that Spielvogel was not challenging the legal sufficiency of Counts IV and V. Pendergraft, 297 F.3d at 1205, n.4. Indeed, the legal sufficiency of Counts IV and V (because of an alleged failure to plead materiality) were two of the precise issues Spielvogel raised in his motion for judgment of acquittal (see Doc. 129) and then failed to raise on appeal. Moreover,

The Court therefore finds that Ground V of Spielvogel's § 2255 motion is meritorious and Spielvogel is therefore entitled to a belated appeal as to Counts IV and V.  The Court will deny without prejudice as premature all remaining grounds until the appeal of Counts IV and V is decided.[11]

Finally, in light of the alleged error Spielvogel intends to pursue on appeal, as well as his record of good compliance with his conditions of release, the Court further finds that, given the length of time remaining on the term of imprisonment the Court imposed, this appeal could be rendered meaningless if Spielvogel were required to be imprisoned during the pendency of an appeal. Therefore, notwithstanding the government's objection, pursuant to 18 U.S.C. § 3143(b), the Court will permit Spielvogel to remain on conditions of release during the pendency of his appeal.  See United States v. Giancola, 754 F.2d 898 (11th Cir. 1985).

---

Brodersen's efforts to raise these same arguments as to Counts IV and V were struck from his reply brief on Order of the Eleventh Circuit.  See Doc. 6 in the civil case, at Ex. C, F, G. While true that the Eleventh Circuit discussed the factual basis of Counts IV and V, the discussion was in the context of an issue related to prosecutorial comments (see Pendergraft, 297 F.3d at 1212). Those statements do not necessarily address the materiality issues that Spielvogel raised in his motion for judgment of acquittal and, even if they do, given the footnote 4 comment referenced above, this Court is not in a position to determine definitively that the Eleventh Circuit has addressed Counts IV and V such that an appeal should not be permitted.  Neither is it clear that the Eleventh Circuit's June 4, 2004 decision (Doc. 317) decides this issue.  That is ultimately a matter for the Eleventh Circuit to decide.

[11]A successful § 2255 motion which secures a belated appeal "does not render subsequent collateral proceedings 'second or successive.'" McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002).

Accordingly, it is hereby

**ORDERED**:

1.     Michael Spielvogel's Motion under 28 U.S.C. § 2255 to Vacate and Set Aside Defendant's Judgment of Conviction and Sentence (Doc. 361 in the criminal case and Doc. 1 in the civil case) is **GRANTED** on Ground V to the extent that Spielvogel seeks an out of time appeal; the remainder of the motion is **DENIED WITHOUT PREJUDICE** as premature before Spielvogel's direct appeal is decided.

2.     The Amended Judgment in a Criminal Case as to Michael Spielvogel (5:00-cr-21-Oc-32GRJ, Doc. 278) is **VACATED**.  By separate second amended Judgment, the Court will reimpose the same sentence.  From the date that Judgment is entered, Spielvogel will have ten (10) days to file a notice of appeal.

3.     Under United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000), Spielvogel is further advised of his rights associated with an appeal from a criminal sentence:

   a.     It is your right to appeal from the sentence within ten days from the date of the reimposed sentence and judgment as dictated by Federal Rule of Appellate Procedure 4(b)(1)(A)(i).  Failure to do so within ten days from that date means you have given up and waived your right to appeal.  The government may also file an appeal from this sentence.

   b.     You are advised that you are entitled to assistance of counsel in taking an appeal.  The Court assumes your current retained counsel will represent you on appeal and directs your counsel to file a timely notice of appeal from the second amended judgment. If retained counsel is not going to represent you on appeal, after filing the notice of appeal, he should file a motion to withdraw and ask the Court to appoint counsel upon a showing of

your indigency.

4.     Spielvogel's Motion for Bail Pending Habeas Corpus Relief (Doc. 363) is **GRANTED** to the extent that Spielvogel may remain on bond pending appeal, continuing on the same terms and conditions of release as are currently in effect.  Spielvogel's First Amended Motion for Bond (Doc. 366) and Second Amended Motion for Bond (Doc. 373 in the criminal case, Doc. 4 in the civil case) are **MOOT**, the Court having granted the original motion.

5.     Spielvogel's Request for Leave to Amend Petition Filed under 28 U.S.C. § 2255 and permission to file supplemental memorandum of law (Doc. 360) is **MOOT**.

6.     Spielvogel's Request that Court Recommend Designation to Community Correction Center (Doc. 368) is **DENIED WITHOUT PREJUDICE** to renewal at an appropriate time.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of October, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Mark A. Devereaux, Esq. (AUSA-Jacksonville)
Frederick T. Lowe, Esq.
William Mallory Kent, Esq.

Michael Spielvogel

Eric Ordeneaux
U.S. Probation Officer (Ocala)

Donna L. Wiebe
U.S. Pretrial Services (Orlando)

Maurya McSheehy, CRD (Ocala)

United States Marshal Service

Bureau of Prisons