**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

UNITED STATES OF AMERICA

vs.

MICHAEL SPIELVOGEL

Case No. 5:00-cr-21-Oc-32GRJ
Case No. 5:06-cv-154-Oc-32GRJ

**ORDER**[1]

These cases are before the Court on Michael Spielvogel's Request to Amend his Petition Filed Pursuant to 28 U.S.C. § 2255 (Doc. 15) filed in his civil case, 5:06-cv-154-Oc-32GRJ, and his original Motion to Vacate Petition for Writ of Habeas Corpus, filed as Doc. 1 in his civil case, 5:06-cv-154-Oc-32GRJ and Doc. 361 in his criminal case, 5:00-cr-21-Oc-32GRJ.[2] The Court is familiar with the law and facts of this case and, having reviewed Spielvogel's papers, has determined to rule without waiting for a response from the government[3] so that Spielvogel can, if he so wishes, take an immediate appeal of all remaining issues in this case. Furthermore, in accordance with the rules governing Section 2255 petitions, the Court has determined that an evidentiary hearing is not needed to decide this case.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Hereinafter, references are to the documents filed in the civil case only unless otherwise specified.

[3] Some of the government's filings include limited analysis of its views on the issues raised. See Docs. 367, 371, 377, 405 filed in the criminal case, 5:00-cr-21-Oc-32GRJ. The Court has considered these filings in rendering this decision.

In his original motion (Doc. 1), Spielvogel, who has been represented by counsel throughout these proceedings, raised five separate grounds for relief.  On October 25, 2006, the Court entered an Order granting relief as to Ground V (which permitted Spielvogel to seek a belated direct appeal as to two counts of his conviction and sentence) and denying without prejudice relief as to all other grounds, finding them to be premature in light of the direct appeal.  See Order, Doc. 14.[4]  Thus, from his original petition, Grounds I-IV remain ripe for decision.  With his motion to amend (Doc. 15), which the Court now grants, Spielvogel filed a proposed First Amendment to his original petition, in which he raises three additional grounds for relief, Supplemental Grounds I, II, and III (hereinafter, "Supp. Ground ___").  All seven grounds are addressed below.[5]

**I.   Legal Standard**

Title 28, United States Code, Section 2255, allows attack on a sentence on only four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentence was imposed without jurisdiction; (3) the sentence was imposed in excess of the maximum authorized by law; (4) the sentence is otherwise subject to

---

[4] The Court's October 25, 2006 Order (Doc. 14, pp. 2-7) contains a more complete recitation of the relevant procedural history of this case, which is not repeated here. Additional case history is discussed in several Eleventh Circuit opinions.  See United States v. Pendergraft, 297 F.3d 1198 (11th Cir. 2002); United States v. Spielvogel, No. 03-13135 (11th Cir. Mar. 3, 2004) (filed in the criminal case, 5:00-cr-21-Oc-32GRJ, as Doc. 317); United States v. Spielvogel, No. 03-13135 (11th Cir. Mar. 15, 2005) (filed in the criminal case, 5:00-cr-21-Oc-32GRJ, as Doc. 351); United States v. Spielvogel, No. 06-16000 (11th Cir. Feb. 7, 2008) (filed in the criminal case, 5:00-cr-21-Oc-32GRJ, as Doc. 401).

[5] A successful § 2255 motion which secures a belated appeal "does not render subsequent collateral proceedings 'second or successive.'" McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002).

collateral attack. Only jurisdictional claims, constitutional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice warrant relief on collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979).

**II.    Analysis**

**A.    Ground I (sufficiency of evidence to support Counts IV and V)**

In Ground I, Spielvogel contends that the government failed to put on sufficient evidence to support conviction on Counts IV and V of the indictment (which charged Spielvogel with committing perjury by filing a false affidavit and making false statements to the FBI) because testimony from Larry Cretul, the person about whom Spielvogel allegedly made the false statements, actually supported the truth of Spielvogel's allegedly false statements. However, the Eleventh Circuit previously rejected Spielvogel's argument that "insufficient evidence existed to support his conviction for making false statements to the FBI," holding that the Court had "already affirmed Spielvogel's convictions for filing a false affidavit and making false statements to the FBI . . . ." United States v. Spielvogel, No. 03-13135 (11th Cir. Mar. 3, 2004) (filed in criminal case 5:00-cr-21-Oc-32GRJ as Doc. 317) at 3 (citing opinion in United States v. Pendergraft, 297 F.3d 1198, 1212-13 (11th Cir. 2002). Once a claim has been raised and adversely decided on direct appeal, it cannot be re-litigated in a collateral attack under § 2255. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000).

### B. Ground II (prejudicial spill-over from Counts I, II, and III)

In Ground II, Spielvogel contends that the evidence from Counts I, II and III (the convictions of which were reversed on appeal) prejudicially tainted the trial and his resulting conviction on Counts IV and V. Here too, the Court finds this issue has been considered and rejected on direct appeal. See United States v. Spielvogel, No. 06-16000 (11th Cir. Feb. 7, 2008) (filed in criminal case 5:00-cr-21-Oc-32GRJ as Doc. 401) at 3-4 (holding as "meritless" the argument that Spielvogel's convictions on Counts Four and Five were tainted by evidence of crimes not supported by facts of the case, because that conduct established motive, which was relevant).

### C. Ground III and Supp. Ground III (ineffective assistance of counsel in failing to preserve Apprendi claim)

In both his original Ground III and his Supplemental Ground III, Spielvogel argues that he received ineffective assistance of counsel when his lawyer (a predecessor to his current counsel) failed to preserve an Apprendi argument either before this Court or on appeal. However, with binding Circuit precedent at the time holding that no Apprendi claim was available, counsel cannot be held to have rendered ineffective assistance for having failed to raise this argument. United States v. Levy, 391 F.3d 1327, 1334 n.3 (11th Cir. 2004) ("An attorney's failure to anticipate a change in the law does not constitute ineffective assistance of counsel."); United States v. Ardley, 273 F.3d 991, 992-93 (11th Cir. 2001).

4

### D. Ground IV and Supp. Ground II (obstruction enhancement and ineffective assistance of counsel in failing to object to obstruction enhancement)

In these two grounds, Spielvogel argues both that the testimony used to support his obstruction enhancement was not false or material, and that his counsel was ineffective both at resentencing and on appeal for failing to make the correct objection to the application of the guideline obstruction enhancement. However, the Eleventh Circuit considered and rejected the claim that the district court erred in applying this enhancement. See United States v. Spielvogel, No. 03-13135 (11th Cir. Mar. 3, 2004) (filed in criminal case 5:00-cr-21-Oc-32GRJ as Doc. 317) at 4-6 (holding that district court did not err at resentencing in enhancing sentence under USSG §3C1.1 for obstruction of justice). Accordingly, there can be no claim that counsel rendered ineffective assistance in failing to make appropriate objections to this enhancement.

### E. Supp. Ground I (ineffective assistance related to Dr. Caddy)

Here, Spielvogel raises several errors all related to his lawyer's failed efforts to secure for trial the testimony of Dr. Glenn Caddy, a forensic psychiatrist who examined Spielvogel and was offered by the defense as an expert witness to support Spielvogel's "diminished capacity" defense.

Back in August 2000, upon being advised that the defense intended to present trial testimony from Dr. Caddy, the government filed a motion in limine to exclude his testimony. The motion was referred to the Magistrate Judge who conducted an evidentiary hearing and issued a Report and Recommendation, recommending that Dr. Caddy's testimony be excluded. See Report and Recommendation, Doc. 44 (filed in criminal case, 5:00-cr-21-Oc-

32GRJ). At issue was whether the defense could introduce testimony from Dr. Caddy to support the contention that Spielvogel was unable to form the specific intent to commit the crimes charged in the indictment because of his diminished mental capacity. Spielvogel was not, however, offering an insanity defense and Dr. Caddy was not offered as a Rule 12.2(b) expert. In a well-reasoned and thorough opinion, United States Magistrate Judge Gary R. Jones recommended that Dr. Caddy's testimony be excluded as not relevant to the mens rea issue. In arriving at this determination, Judge Jones recounted much of the testimony received from Dr. Caddy at the hearing, and explained why it failed to meet the necessary standard. Spielvogel, through counsel, filed objections to the Report and Recommendation,[6] which the District Judge overruled, adopting the Report and Recommendation. No transcript of the evidentiary hearing had been prepared at the time the Court issued its ruling.

At trial, Spielvogel's counsel twice urged the Court to revisit the issue of the admissibility of Dr. Caddy's testimony and, upon hearing argument and proffers on both occasions, those requests were denied as well. Later, when the government cross-examined Spielvogel and questioned him about Dr. Caddy, Spielvogel's counsel objected but did not ask the Court to again reconsider permitting Dr. Caddy to testify. Although the admissibility of Dr. Caddy's testimony was an issue raised by Spielvogel through counsel on his first direct appeal, he did not order the transcript of the evidentiary hearing before the Magistrate Judge.

---

[6] In his supplemental § 2255 motion, Spielvogel faults his counsel for failing to file objections. The objections are of record at Doc. 49 in the criminal case, 5:00-cr-21-Oc-32GRJ.

In Supplemental Ground I, Spielvogel now argues that his counsel rendered ineffective assistance by (a) failing to obtain the transcript of the evidentiary hearing and insist that the District Judge conduct a de novo review with the assistance of the transcript; (b) failing to properly object when the government "opened the door" to the admission of Dr. Caddy's testimony; (c) failing to present the transcript as part of the record on appeal and failing to argue on appeal that the government had "opened the door" to his testimony; (d) and failing to effectively argue on appeal that the District Court's exclusion of Dr. Caddy's testimony was error.

Upon review, the Court finds that none of these issues are meritorious. First, as to the failure to obtain a transcript, any error is harmless as the focus of the parties' arguments and the Court's ruling (and even the argument in the § 2255 petition) centered on the admissibility of psychological testimony bearing on specific intent, rather than on challenges regarding the content of Dr. Caddy's testimony itself. Moreover, the crux of Dr. Caddy's testimony was recounted in the Report and Recommendation and by the parties in the briefs they submitted to the Magistrate Judge, which were independently reviewed by the District Judge. Second, as to the failure to object that the government had "opened the door" to Dr. Caddy's testimony, the District Judge had at that point *twice* revisited and rejected Spielvogel's counsel's request to permit Dr. Caddy to testify. Spielvogel's counsel's decision to object to the government's cross-examination, without specifically asking the Court to reconsider for a third time its earlier ruling to exclude the evidence was not deficient. See Strickland v. Washington, 466 U.S. 668, 688, 691-92 (1984) (setting forth two-part standard for establishing ineffective assistance claim). Third, failure to raise these same points on

appeal is similarly not deficient performance. Neither was counsel's alleged failure to more effectively argue that the exclusion of Dr. Caddy's testimony was error. Spielvogel's counsel did raise this as an issue on appeal and the Eleventh Circuit considered and rejected his argument on the merits, giving considerable treatment to the point (albeit in a footnote). See Pendergraft, 297 F.3d at 1212, n.10. See also, United States v. Spielvogel, No. 06-16000 (11th Cir. Feb. 7, 2008) (filed in criminal case 5:00-cr-21-Oc-32GRJ as Doc. 401) at 3 (declining to consider on belated appeal that district court abused discretion in excluding Dr. Caddy's testimony because it was addressed on the merits in the first appeal). Moreover, even assuming deficient performance, there was no cognizable prejudice to Spielvogel by the exclusion of Dr. Caddy's testimony.

### III.    Conclusion

Because the Court finds none of the remaining grounds raised in Spielvogel's original petition[7] and none of the grounds raised in his supplement to the petition provide any basis for relief, it is accordingly hereby

**ORDERED**:

Michael Spielvogel's Motion under 28 U.S.C. § 2255 to Vacate and Set Aside Defendant's Judgment of Conviction and Sentence (Doc. 361 in 5:00-cr-21-Oc-32GRJ and Doc. 1 in 5:06-cv-154-Oc-32GRJ), as amended pursuant to his Motion to Amend (Doc. 15 in 5:06-cv-154-Oc-32GRJ), is **DENIED** and the Petition is **DISMISSED WITH PREJUDICE**. The Clerk shall enter judgment in favor of the United States and against Michael Spielvogel,

---

[7]As noted above, in an earlier Order, the Court granted relief as to Ground V which entitled Spielvogel to take a belated appeal (which he eventually lost). See Docs. 379.

and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of July, 2008.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Mark A. Devereaux, Esq. (AUSA-Jacksonville)
Frederick T. Lowe, Esq.
William Mallory Kent, Esq.

Michael Spielvogel